UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>vs.<br><br>MIKAL JOHN WHITE MOUNTAIN,<br>Defendant. | 1:21-CR-10047-CBK<br><br>REPORT AND RECOMMENDATION ON MOTION TO DISMISS INDICTMENT |

In this sex offender registration case, Mikal John White Mountain (White Mountain), seeks to dismiss the indictment against him because it fails to state an offense. He offers documentary and testimonial evidence in support of his motion. The government opposes the motion, arguing that the indictment is facially valid. Because the indictment is legally sufficient, even if extrinsic evidence is considered, the Court recommends that the dismissal motion be denied.

## BACKGROUND

A federal grand jury indicted White Mountain with failure to register as a sex offender. The indictment charges:

> On or about between the 4th day of September, 2021, and the date of this Indictment [December 14, 2021], in the District of South Dakota and elsewhere, the defendant, Mikal John White Mountain, a person required to register under the Sex Offender Registration and Notification Act [SORNA], and having traveled in interstate and foreign commerce, and

having left, entered, and resided in Indian country, did knowingly fail to register and update a registration, in violation of 18 U.S.C. § 2250(a).[1]

White Mountain moved to dismiss the indictment for failing to state an offense under Fed. R. Crim. P. 12(b)(3)(B)(v). He claims that a stint at the Burleigh County Detention Center, lasting less than thirty days, does not trigger a duty to update his SORNA registration upon release from the Center.[2] The SORNA definitions for "habitually lives" and "resides," he says, excuse any alleged registration omission(s) during the indicted time period.[3] In response, the government asserts that White Mountain misconstrues the SORNA requirements and that his legal argument would "frustrate[] the purpose of SORNA."[4]

White Mountain initially offered three exhibits to bolster his claim: (1) a North Dakota registration form completed when he got out of the Detention Center on August 31, 2021;[5] (2) a Standing Rock Sioux Tribe (SRST) change of registration form from a year earlier;[6] and (3) a letter Brett Smith, the SORNA coordinator for the SRST, wrote eight

---

[1] Docket No. 1.

[2] Docket Nos. 66, 71.

[3] *See* Docket Nos. 66, 71.

[4] Docket No. 70 at 4.

[5] Docket No. 66, Ex. A (sealed).

[6] Docket No. 71, Ex. C (sealed).

2

days after White Mountain's release from the Center.[7] White Mountain then withdrew the Smith letter as an exhibit, declaring he intended to rely on the two registration exhibits.[8] He also presented testimony from Casey Kapp, a Burleigh County detention officer, to support his factual allegations.[9] The government maintains the underlying evidence is "unnecessary" to resolve White Mountain's motion[10] but alternatively contends that dismissal is not justified because he violated § 2250(a) by: (1) registering a North Dakota address; (2) travelling to South Dakota; (3) residing in Indian Country, and (4) failing to register his South Dakota address for more than 30 days.[11]

## DISCUSSION

### A. Facial Sufficiency

A defendant may move to dismiss a defective indictment that fails to state a criminal offense.[12] An indictment adequately states an offense if "it contains all of the essential elements of the offense charged, fairly informs the defendant of the charge[]

---

[7] Docket No. 66, Ex. B (sealed).

[8] Mot. Hr'g Tr. 15-16 (Sept. 7, 2022).

[9] Mot. Hr'g Tr. 6-11; see also Docket No. 74.

[10] Docket No. 70 at 1-2, Mot Hr'g Tr. 12-13 (objecting to the Court going beyond the indictment when deciding White Mountain's motion).

[11] Docket No. 70 at 3-4.

[12] Fed. R. Crim. P. 12(b)(3)(B)(v).

against which he must defend, and alleges information to allow [him] to plead a conviction or acquittal as a bar to a subsequent prosecution."[13] When ruling on a motion to dismiss, a court must "accept the allegations stated in the indictment as true and ask whether they can form the basis of the charged offense."[14] "An indictment is normally sufficient if its language tracks the statutory language."[15] "This is a low bar, and an indictment [will usually] be found valid unless it is 'so defective' that no reasonable construction of it properly charges the offense for which the defendant is being tried."[16] Ordinarily, a court's "assessment is limited to the 'four corners' of the [i]ndictment, and the [c]ourt should studiously avoid the consideration of evidence from sources beyond the [i]ndictment."[17] In a criminal case in which the charge is brought by grand jury indictment, "there is no procedure to test the sufficiency of the [g]overnment's evidence

---

[13] United States v. Sewell, 513 F.3d 820, 821 (8th Cir. 2008) (quoting United States v. Hernandez, 299 F.3d 984, 992 (8th Cir. 2002)).

[14] United States v. Hansmeier, 988 F.3d 428, 436 (8th Cir. 2021), cert. denied, 142 S.Ct. 262, 211 (2021) (citations omitted).

[15] Sewell, 513 F.3d at 821.

[16] United States v. Marrowbone, No. 3:14-CR-30071-RAL, 2014 WL 6694781, at *1 (D.S.D. Nov. 26, 2014) (quoting Sewell, 513 F.3d at 821).

[17] United States v. Prentice, 683 F. Supp. 2d 991, 1005 (D. Minn. 2010) (citing United States v. Hall, 20 F.3d 1084, 1087 (10th Cir. 1994)); see also United States v. Farm & Home Sav. Ass'n, 932 F.2d 1256, 1259 n.3 (8th Cir. 1991) (a court does not look beyond the four corners of the indictment when judging its sufficiency).

prior to trial."[18] "A court cannot dismiss an indictment based on 'predictions as to what the trial evidence will be,' instead it must give the [g]overnment the opportunity to present its evidence."[19]

Here, the wording of the indictment tracks the text of the statute and the elements of the failure to register offense.[20] First, the indictment alleges that White Mountain is "required to register under [SORNA]," invoking § 2250(a). Second, the indictment states that White Mountain "traveled in interstate and foreign commerce and [] left, entered, and resided in Indian Country," which § 2250(a)(2)(B) requires. Third, the indictment avers that White Mountain "knowingly fail[ed] to register and update a registration," which mirrors the language of § 2250(a)(3). The indictment likewise charges a narrow enough timeframe (September 4, 2021 – December 14, 2021) to provide White Mountain with notice of the charge for him to plead double jeopardy as a bar to another prosecution. "On its face, the indictment is valid."[21] And "[a] valid indictment [typically] will survive a motion to dismiss for failure to state an offense without further inquiry."[22]

---

[18] *Marrowbone*, 2014 WL 6694781, at *2 (citing *United States v. Ferro*, 252 F.3d 964, 968 (8th Cir. 2001)).

[19] *Marrowbone*, 2014 WL 6694781, at *2 (quoting *United States v. Laurentis*, 230 F.3d 659, 661 (3d Cir. 2000)).

[20] *Eighth Circuit Manual of Model Jury Instructions (Criminal)* 6.18.2250 (2018).

[21] *Marrowbone*, 2014 WL 6694781, at *2.

[22] *Id.*

## B. Extrinsic Evidence

That said, White Mountain asks the Court to consider extrinsic evidence in deciding his motion to dismiss.[23] This evidence, he maintains, shows he never resided in North Dakota and was not required to update his registration in South Dakota.[24]

Rule 12 though "was not intended to permit . . . motions challenging an indictment's sufficiency based on facts that are outside the pleadings."[25] Still, courts have, on occasion, looked beyond the four corners of an indictment in the context of a Rule 12(b)(3)(B)(v) dismissal motion, but only when passing on questions of law based on

---

[23] Docket Nos. 66 at 1-2 & Ex. A and 71 at 2 & Ex. C.

[24] Docket Nos. 66 at 2 and 71 at 2.

[25] 1A Charles Alan Wright & Andrew D. Leipold, *Federal Practice & Procedure: Criminal* § 195 (5th ed. 2020) (collecting cases).

undisputed facts.[26] The Eighth Circuit has not yet weighed in on the issue.[27] The Tenth Circuit though has held that courts may entertain Rule 12(b)(3)(B)(v) dismissal motions in "limited circumstances" where (1) the operative facts are undisputed; (2) the government does not object to the court considering those facts; and (3) the court can determine from them that, as a matter of law, the government is incapable of proving its

---

[26] *See, e.g., United States v. Church*, 461 F. Supp. 3d 875, 881 (S.D. Iowa 2020) (looking beyond the four corners of the indictment was proper where pretrial indictment challenge presented a pure question of law based on undisputed facts); *United States v. Skaggs*, No. 2:18-CR-51-RLJ-HBG, 2019 WL 6691014, at *9 (E.D. Tenn. Nov. 25, 2019), *R&R adopted*, 2019 WL 6691009 (E.D. Tenn. Dec. 6, 2019) (observing, in a SORNA case, that there are two requirements for addressing a Rule 12(b)(3)(B)(v) motion to dismiss: (1) the issue raised must be a question of law and (2) the relevant facts must be undisputed); *United States v. Grant*, No. 1:17-CR-236-AT-AJB, 2018 WL 4516008, at *2 (N.D. Ga. July 4, 2018), *R&R adopted*, 2018 WL 4140870 (N.D. Ga. Aug. 30, 2018) (addressing pretrial motion to dismiss that required consideration of facts outside the four corners of the SORNA indictment that were not in dispute); *Marrowbone*, 2014 WL 6694781, at *2 (passing on motion to dismiss failure to register indictment where operative facts were undisputed); *see also United States v. Burchell*, No. 4:21-CR-40025, 2021 WL 3726899, at *1 (D.S.D. Aug. 23, 2021) (question posed in motion to dismiss defendant's SORNA indictment was a legal one for the court to determine, not the jury); *United States v. Brown*, No. 11-174, 2012 WL 604185, at *4 (W.D. Pa. Feb. 24, 2012) (denying defendant's motion to dismiss because the sufficiency of the failure to register indictment turned on factual questions that could not be addressed in the context of such a motion); *see generally* 1A *Federal Practice & Procedure*, § 192 & nn. 17-18 (some courts have said that in "rare" or "unusual" cases, a court can properly rule on a dismissal motion based on the sufficiency of the evidence where the facts are not disputed and the government does not object. Other courts have taken a contrary position, concluding that this kind of motion should not be ruled on even where the facts are uncontroverted).

[27] *See Church*, 461 F. Supp. 3d at 881.

case beyond a reasonable doubt.[28] If there are contested facts surrounding the commission of the offense that would be of *any* assistance in deciding the motion's validity, then the prosecution must continue.[29] "Any other approach would 'risk trespassing on territory reserved to the jury as the ultimate finder of fact . . . .'"[30]

The meager factual record in White Mountain's case is controverted and does not satisfy the first prong of the Tenth Circuit's test. The government did not concede as true White Mountain's "facts," and agreed that even if the Court considered the extrinsic evidence offered, factual issues remained for a jury to resolve.[31] Indeed, nothing in the two exhibits, the testimony of Casey Kapp, or the indictment itself shows – let alone *undisputedly* establishes – that (1) White Mountain continuously resided[32] at the same McLaughlin address before and during the indicted timeframe, or (2) the time White Mountain spent at the Burleigh County Detention Center was, as he alleges, only two weeks.[33] White Mountain's arrest in North Dakota raises suspicion about whether he

---

[28] United States v. Chavez, 29 F.4th 1223, 1226–27 (10th Cir. 2022), *petition for cert. filed*, No. 22-86 (Jul. 29, 2022).

[29] *Id.* at 1227-28 (citing United States v. Pope, 613 F.3d 1255, 1261 (10th Cir. 2010))

[30] Chavez, 29 F.4th at 1227.

[31] Mot. Hr'g Tr. 12-13.

[32] *See* 42 U.S.C. § 16911 (13) (defining residency as the "location of [an] individual's home or other place where the individual habitually lives").

[33] *See* Docket No. 66, Ex. A (providing no indication of how long White Mountain was at the Burleigh County Detention Center, only that he signed an offender registration form

continuously lived in McLaughlin, which he would have the Court assume. At any rate, White Mountain cannot forgo his duty to register, based on a jail stay of less than thirty days, without first proving the premise. As a condition precedent to granting the dismissal prayed for – and to ruling on the legal question posited – the Court must know White Mountain's whereabouts with certainty and without dispute. But because his motion sits on a muddy factual foundation, dismissal is unwarranted. Besides, the motion does not correspond to the Rule 12(b)(3)(B)(v) motions, made in other SORNA cases, where courts have considered extrinsic evidence.[34]

The second and third prongs of the test are not satisfied either. The government objected, both orally and in writing, to the Court considering any extrinsic evidence,

---

there on August 31, 2021); Mot. Hr'g Tr. 6-11 (making no mention of when White Mountain arrived and left the Detention Center).

[34] *See, e.g., Burchell*, 2021 WL 3726899, at *1 (where motion to dismiss raises only a legal question, it is appropriate for the court to resolve it in advance of trial); *Grant*, 2018 WL 4516008, at *2 (dismissal of the indictment may be decided by way of pretrial motion under Rule 12 where the facts do not appear to be in material dispute); *Marrowbone*, 2014 WL 6694781, at *2 (issue raised in defendant's motion to dismiss for failure to state an offense was a legal, rather than a factual, one the court could decide before trial); *United States v. Lafferty*, 608 F. Supp. 2d 1131, 1137 (D.S.D. 2009) (it is permissible in some circumstances for a court to consider evidence when dealing with a motion to dismiss, particularly where the operative facts are undisputed and not objected to, to determine whether the elements of the criminal charge can be established); *see generally* 1A *Federal Practice & Procedure: Criminal* §§ 192 n.17 and 195 n.7.

including the "underlying facts."[35] What's more, the Court cannot conclude, at this stage of the proceedings, that the government cannot prove its case as a matter of law. Dismissing the indictment now would prejudice the government, especially given such a limited picture of what evidence there is, and will be offered, against White Mountain.

The Court does not know where White Mountain resided between September 4, 2021 and the date of his indictment (December 14, 2021). So the Court has no way of determining whether he had a duty to register, over this 101-day stretch, and breached that duty. He may have lived in one or more different places during the period in question or not changed his residence at all. The Court cannot tell, from the adduced evidence, which one is the case. On this record, unsettled factual issues exist – that pertain directly to whether White Mountain had to register – that a jury must sort out. And even if it could fully address White Mountain's fact-based motion, the Court does not see how the extrinsic evidence presented compels dismissal of the indictment without a trial and further factual development.

## CONCLUSION

The indictment, as it now reads, is legally sufficient, tracking the language of § 2250(a) and reasonably placing White Mountain on notice of the failure to register charge. With the evidentiary record being unclear, silent, equivocal, or in dispute, the Court

---

[35] Mot. Hr'g Tr. 12-13 (objecting to the Court considering extrinsic evidence); Docket No. 70 at 1 (stating the underlying facts are "unnecessary for resolving this motion . . . .").

declines to rule on the merits of White Mountain's claims.  Granting his Rule 12(b)(3)(B)(v) motion – and making a determination that, as a matter of law, the government cannot prove its case beyond a reasonable doubt – is inappropriate and the case should proceed to trial.  White Mountain may renew his claims in a motion for judgment of acquittal after the government puts on its case and rests.

## RECOMMENDATION

In accordance with the authorities and legal analysis set forth in this report, and the record as it now exists before the Court, it is

RECOMMENDED that White Mountain's motion to dismiss indictment[36] be denied, without prejudice.

## NOTICE

The parties have 14 calendar days after service of this report and recommendation to object to the same.[37] Unless an extension of time for cause is later obtained,[38] failure to

---

[36] Docket No. 65.

[37] *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b).

[38] *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990); *Nash v. Black*, 781 F.2d 665, 667 & n.3 (8th Cir. 1986) (citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985)).

file timely objections will result in the waiver of the right to appeal questions of fact.[39]

Objections must "identify[] those issues on which further review is desired[.]"[40]

DATED this 9th day of September, 2022 at Pierre, South Dakota.

BY THE COURT:

/s/ Mark A. Moreno
_____
MARK A. MORENO
UNITED STATES MAGISTRATE JUDGE

---

[39] *See Thompson*, 897 F.2d at 357; *Nash*, 781 at 667.

[40] *Arn*, 474 U.S. at 155.